WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>William Roger Counts,<br><br>　　　　　Defendant. | No. CR-17-00669-001-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant William Counts's pro se Motion for Compassionate Release. (Doc. 108.) Also before the Court is the Government's Motion to Seal, filed under seal. (Doc. 111.) For the following reasons, Defendant's motion is denied, and the Government's motion is granted.

## BACKGROUND

On July 29, 2020, Defendant filed a motion for compassionate release based on family hardship and the COVID-19 pandemic. (Doc. 81.) The Court found that Defendant had not demonstrated an extraordinary or compelling reason for his release. (Doc. 104.) On February 5, 2021, Defendant filed a subsequent motion for compassionate release.[1] (Doc. 108.) On January 4, 2022, the Court permitted Defendant to file a supplement to his

---

[1] The Federal Public Defender also filed a Notice Regarding Defendant's Pro Se Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), notifying the Court that the Federal Public Defender stood ready to locate counsel if the Court found it appropriate. (Doc. 109.) Because, as explained below, Defendant's Motion does not point to any evidence that presents extraordinary or compelling reasons for release, the Court declines to appoint counsel.

motion to provide an update on his and his family's medical condition. (Doc. 116.) Defendant filed his supplement, (Doc. 118), which the Court fully considers below.

## DISCUSSION

### I. Motion to Seal

The Government moves to seal an exhibit to its response to Defendant's motion. (Doc. 111.) Because the exhibit contains Defendant's personal medical records, there is good cause, and the Motion to Seal is granted.

### II. Motion for Compassionate Release

#### A. Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239–40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) (noting that "[t]he First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners" rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prions, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)–(D); *see United States v. Esparza*, No. 17-cr-1101-JAH,

2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[2] Specifically, the Commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

### B. Analysis

Defendant points to several facts that he asserts provide extraordinary and compelling reasons for his release. Defendant first claims that he is suffering health conditions after contracting COVID-19, including chronic breathing problems, pain, headaches, fatigue, and brain fog, (Doc. 108 at 2–3). However, Defendant's medical records support the existence of only hyperlipidemia, diabetes, and obesity.[3] (Doc. 108 at 2–3); (Doc. 112 at 8–9, 11, 15.) Defendant also suffers from major depressive disorder, and he is sixty-three years old. (Doc. 112 at 13.) Although the Court does not find his allegations of complications from COVID-19 credible, it does find that Defendant's age, mental health, diabetes, and obesity put Defendant at a higher risk of severe illness from COVID-19 than the general population. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Dec. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. But the existence of these conditions does not, by itself, mandate release. *See United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) ("The Ninth Circuit, however,

---

[2] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance because the commission has not amended the statement since the First Step Act was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). In determining whether Defendant's situation provides extraordinary and compelling reasons for release, the Court looks to U.S.S.G. § 1B1.13 only to inform its discretion, and not as binding authority.

[3] Although Defendant alleges that he suffers from symptoms of "long-haul" COVID-19 and stated as much to his medical providers, (Doc. 112 at 11–12), his medical records do not support this assertion. According to those records, he was asymptomatic when he had COVID, and he consistently maintained an oxygen saturation level of between ninety-seven and ninety-eight percent. (Doc. 112 at 12, 17, 21.)

has made clear that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present 'extraordinary and compelling' circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19.") (collecting cases).

Defendant's medical conditions appear to have been well-managed at FCI Big Springs, where Defendant was detained prior to December 2021.  (Doc. 112.).  Although Defendant alleges that there were COVID-19 outbreaks at FCI Big Springs, Defendant does not allege any specific risks[4] at his new facility, a halfway house in Florence. (Doc. 118.)  In his supplement, Defendant contends that his mental health has worsened, but he also states that this is due, in part, to management decisions at FCI Big Springs, where he has not resided since December.  (Doc. 118 at 1.)  And to the extent these decisions exacerbated his mental health symptoms, he is—at least temporarily—seeing a psychologist on a weekly basis at his new facility.  (Doc. 118.)  In short, Defendant's health appears to be well-managed, and he has not shown any particularized risk of contracting COVID-19 at his new facility.

Defendant also asserts that his familial circumstances justify release.  Defendant's wife suffers from a lung condition as a result of valley fever, and she is diabetic.  (Doc. 118 at 4.)  Moreover, Defendant's eighteen-year-old son is autistic, non-verbal, and he requires around-the-clock care.  (Doc. 108 at 4); (Doc. 81 at 8–10.)  In his first supplement filed on February 17, 2021, Defendant explained that his son had recently tested positive for COVID-19 and that his wife was having a difficult time caring for him.  (Doc. 113 at 1.)  However, he did not mention the COVID-19 diagnosis in his most recent supplement. (Doc. 118.)  Although the Court is sympathetic to Defendant's family, these circumstances were considered at Defendant's original sentencing and in his first Motion for Compassionate Release.  (Docs. 67, 81.)  Defendant received a sentence well below the guideline range—and below the Government's recommendation—based partially on these

---

[4] Defendant alleges that he has repeatedly asked for the COVID-19 vaccine but has not been given it.  (Doc. 118.)  The Marshals have indicated to the Court that any inmate who desires to receive the vaccination(s) may receive them.  If Defendant has requested and not received the vaccine, he should re-raise the matter with the Court.

- 4 -

special circumstances. (Doc. 66 at 7); (Doc. 73 at 3.) The Court is unpersuaded that these circumstances should justify yet another sentence reduction under § 3582(c). And, as explained in the Court's prior order, hardship on the defendant's family—even hardship involving the caregiving of a minor or incapacitated person—is insufficient to justify early release. (Doc. 104 at 3.) Defendant does not allege that his wife is completely incapable of caring for his son, nor does he allege that anyone in his family faces imminent death. Without such a showing, the Court does not find Defendant's familial circumstances sufficiently compelling to warrant release.

Finally, Defendant points to negligent medical care at FCI Big Springs to justify his release, but these arguments are largely moot now that Defendant has been transferred to a new facility. To the extent that Defendant argues that these conditions negatively impacted his health, Defendant has provided no evidence to support his assertions.[5] Accordingly, Defendant has not demonstrated extraordinary or compelling reasons for his release.

## CONCLUSION

For the reasons provided above, Defendant has not demonstrated extraordinary or compelling reasons for his release. Additionally, the Government's motion to seal is granted.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant William Counts's Motion for Compassionate Release (Doc. 108) is **DENIED.**

/ / /

/ / /

/ / /

/ / /

/ / /

---

[5] Defendant's allegations of medical negligence have no support in the record aside from a lone document stating that Defendant refused a flu shot because the nurse was not wearing gloves. (Doc. 112 at 40.) However, even if this assertion is true, it alone does not provide an extraordinary and compelling reason to warrant Defendant's release.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Government's Exhibit 1 to Its Response to Defendant's Motion for Compassionate Release, filed under seal, (Doc. 111) is **GRANTED.**  The Clerk of Court is directed to file under seal lodged Doc. 112.

Dated this 26th day of January, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge