WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00669-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| William Roger Counts, | |
| Defendant. | |

Pending before the Court is William Rogers Counts's ("Defendant") Motion for Early Release (Doc. 125) and Motion to Request Use of Approved Type of Smart Phone with BSS (Behavioral Services Southwest) Monitoring App (Doc. 129.)

## BACKGROUND

On January 14, 2019, Defendant pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and 2256. (Docs. 50, 51.) On February 6, 2019, this Court sentenced Defendant to a 48-month term of incarceration to be followed by a lifetime term of supervised release. (Doc. 78.) Defendant was incarcerated at the Big Spring Federal Correction Institute in Texas until December 2021, when he was transferred to Behavioral Services Southwest ("BSS"), a halfway house in Florence. Defendant currently resides at BSS and is scheduled to be released on June 9, 2022.

This is Defendant's third Motion for Compassionate Release and second motion to

lift Court-imposed restrictions on his access to electronic devices. The Court summarily denied his prior motion to lift restrictions, (Doc. 119), and denied his prior compassionate release motions because Defendant had not adequately demonstrated compelling reasons for release. (Docs. 104, 121.) As part of those rulings, however, the Court ordered the Government to respond to Defendant's contention that he had asked for but had not received a COVID vaccination. (Docs. 124, 126.) The Government responded that BSS had no record of Defendant's alleged multiple requests for the vaccine, and that Defendant was eligible for home release but had been denied that privilege because he refused to comply with BSS's electronics policy. (Doc. 126.) The Court now considers both Motions.

**DISCUSSION**

Defendant's newest Motion for Compassionate Release asserts that he is not receiving adequate medical care at the BSS facility. He also requests limited access to electronic devices for educational and employment purposes to prepare for his release next month.

**I. Compassionate Release**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239–40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) (noting that "[t]he First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners" rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —

>    (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)–(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the Commission contemplated a medical condition from which the defendant is not expected to recover— one that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

Defendant alleges that BSS has offered no medical care and limited mental health care since his arrival in December 2021. (Doc. 125 at 2.) He alleges that he has not received his mental health medications and will run out of his diabetes medications sixteen days before his next scheduled appointment. (Doc. 125 at 2); (Doc. 127 at 2.) These allegations are certainly concerning. But Defendant has not provided any evidence to support his claims. Unlike his motion to lift restrictions on his electronic devices, where Defendant attached BSS's responses to his multiple requests, (Doc. 131), Defendant did not provide any attachments—other than an administrative complaint—with his newest motion for compassionate release. The Court cannot grant Defendant's Motion—which it has denied twice—based on allegations alone. Defendant has thus failed to demonstrate

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance because the commission has not amended the statement since the First Step Act was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). In determining whether Defendant's situation provides extraordinary and compelling reasons for release, the Court looks to U.S.S.G. § 1B1.13 only to inform its discretion, and not as binding authority.

extraordinary and compelling reasons for his release, and his Motion is denied.

## II. Access to Electronic Devices

Defendant requests that he be allowed access to electronic devices so he may prepare for his supervised release in June. (Doc. 131.) The Court may modify the conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release," pursuant to the Federal Rules of Criminal Procedure. 18 U.S.C. § 3583; Fed. R. Crim. P. 32.1(c). When making this determination, the Court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing ranges as set forth in the guidelines; (4) any pertinent policy statement; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. § 8583(e)(2) (referencing factors set forth in 18 U.S.C. § 3553(a)).

Defendant's judgment bars him from accessing any electronic devices absent consent from his probation officer. (Doc. 78 at 5.) Because Defendant is still serving his term of incarceration, his supervised release has not yet begun, and as such no probation officer can approve or deny any request for computer usage. (Doc. 130 at 2–3.) As noted in the Court's prior order, all of the above factors were considered when the Court originally imposed Defendant's sentence, which was well below the guideline range and the Government's recommendation. (Doc. 121 at 4–5.) The new information provided with Defendant's Motion does not persuade the Court that a modification should be granted. Although the Court is not unsympathetic to the argument that Internet access could better prepare Defendant for his upcoming release, his facility simply does not have the ability to monitor usage as well as the U.S. Probation Office. (Doc. 130 at 2.) The Court does not want to provide Defendant an unchecked opportunity to violate his release

conditions before his period of release has even begun.  The Court hopes that Defendant will be successful on supervised release so he can contribute to the care of his wife and son, who suffer from various medical conditions.  It is, therefore, in Defendant's, his family's, and the public's best interest that his usage continue to be restricted until it can be appropriately monitored.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Early Release (Doc. 125) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Request Use of Approved Type of Smart Phone with BSS (Behavioral Services Southwest) Monitoring App (Doc. 129) is **DENIED**.

Dated this 26th day of May, 2022.

_____
G. Murray Snow
Chief United States District Judge